**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMELINA VICTORIANO FRANCISCO, | No. 25-2889 |
| Petitioner, | Agency No. A202-097-560 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Hermelina Victoriano Francisco ("Victoriano"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of her appeal of an Immigration Judge's ("IJ") decision denying asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review the agency's factual findings for substantial evidence, which "should be upheld unless the evidence compels a contrary result." *Id.* at 1076 (internal quotation and citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "Absent evidence of past persecution, [a petitioner] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (internal quotation marks and citation omitted). For withholding of removal, the petitioner must demonstrate that such persecution is "more likely than not." 8 C.F.R. § 1208.16(b)(2).

Substantial evidence supports the agency's determination that Victoriano failed to establish an objectively reasonable fear of persecution should she return to Guatemala. Victoriano argued that she had a well-founded fear of persecution on account of her membership in the particular social groups of "Indigenous Guatemalan mothers who oppose gang practices and values and wish to protect their family members against such practices" and "Indigenous Guatemalan Maya women." But neither Victoriano nor her family previously experienced any harm or faced any threats in Guatemala. And when asked if there was anyone who would harm her if she returned to Guatemala, Victoriano said no. Her fear of persecution is based on "rumors" that criminals in Guatemala were kidnapping young Indigenous women. But "[s]peculation on what could occur is not enough to establish a reasonable fear." *Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018). This is dispositive of Victoriano's asylum and withholding of removal claims. *See Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal . . . .").

2. To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by

or at the instigation of or with the consent or acquiescence of a public official." *Id.* § 208.18(a)(1).

Substantial evidence supports the agency's determination that Victoriano failed to show that it was more likely than not that she would be tortured in Guatemala. She did not demonstrate any past physical harm, and her generalized fear of violence in Guatemala is insufficient to meet the CAT standard, which requires an individualized risk of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). In addition, because the record does not demonstrate that the government of Guatemala would be unwilling or unable to protect Victoriano, substantial evidence also supports the agency's determination that Victoriano failed to show that any torture would be by, or with the consent or acquiescence of, a public official.

3. Because we uphold the BIA's denial of Victoriano's asylum claim on the merits, we do not reach the issue of whether substantial evidence supports the agency's determination that Victoriano's application was statutorily barred for untimeliness.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] All pending motions are denied.